The judgment of the court was pronounced by
Eustis, G. J.
The defendants who are judgment creditors of James Erwin, caused to be seized, under execution as his property, three lots of ground situated within the limits of this city. The plaintiff enjoined the sale on the ground that he was the true and lawful owner of the property seized, and in actual possession thereof at the time of the seizure.
The answer avers that the property seized is really the property of James Erwin, and liable to execution for his debts. That the plaintiff is not and never was the owner of any part thereof, but has merely lent his name and assumed a nominal ownership. That James Erwin, although the real owner and possessor, has been in the habit of using the name and procuration of the plaintiff, for the purpose of concealing his property from the just pursuit of his creditors.
The defendants then assuming the character of plaintiffs in reconvention further charge that the plaintiff has not only received simulated transfers of the property seized, but still farther to deceive and delay the claims of the defendants, as creditors of James Erwin, has colluded with him to cover other properties, and by various devices to prevent and delay their recourse against it, under the allegation that they fear and believe that the property seized will not be sufficient to satisfy their claim, the defendants ask that a number of sales conveying to Andretv Enoin other property alleged to belong to James Erwin, *3 be declared simulated, and that sundry judicial and conventional mortgages inscribed against that property and the property seized, be ordered to be erased from the records, on the grounds that they were either originally simulated, or that they have long since been satisfied and extinguished.
No answer was filed to this claim in reconvention, and the parties went to trial without a judgment by default having been taken upon it.
The district judge appears to have been satisfied that the allegations of the defendants were sustained by the evidence; but the acts and transfers of property complained of by them having taken place before their debt accrued, he was of opinion that under article 1988, C. C., they could not contest the validity of those acts and transfers, and perpetuated the injunction on that ground.
The defendants appealed.
The counsel for the plaintiff contends that the defendants, so far as they are plaintiffs in reconvention have tried their case too soon ; that theirs is a clear and distinct action of revendication, independent and beyond the scope of the original action, and that before it could be tried an issue in fact must be made by answer, or tacitly by a judgment by default. He farther maintains that no judgment can be rendered in relation to the mortgages referred to in the answer, until the defendants shall have made the mortgagees or persons in interest parties to the suit, and given them an opportunity of defending their rights.
The claim in reconvention is based upon the amendment to art. 375 of the Code of Practice, which provides that when a plaintiff resides out of the State, 'the defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action.
It is a settled rule of practice that no answer is necessary to ordinary demands in reconvention, and as the able and vigilant counsel who represented the plaintiff, went to trial on the whole case, without filing an answer or raising the objection now made, as he introduced evidence on the reconventional demand, and exeepted to the evidence offered by the defendants on grounds inconsistent with those now assumed, he must have considered the rule as applicable to this case also. Had an answer been necessary, it appears to us that these facts would authorize the presumption that it was waived, the case was fairly tried, and as no legal right has been lost to the plaintiff, in consequence of the course pursued, we do not feel ourselves bound to open the case on the grounds alleged.
The exceptions taken by the plaintiff to the opinion of the court, admitting the parol evidence offered by the defendants, were properly overruled — the acts, sayings, and declarations of James Erwin, going to establish the simulation alleged, were proper evidence under the allegations of the defendant. Martin v. Reeves et al., 3 N. S. 22. Groves v. Steel, 2 Ann. 480. The other exceptions taken by plaintiff’s counsel to the opinion of the court, admitting in evidence the records of other suits mentioned in the bill of exceptions, and the documentary evidence in some of those records, were not, in our opinion, tenable. The records were clearly admissible to prove rem ipsam ; the pleadings and acts of the parties in those proceedings, were also admissible and could be considered, in estimating the intentions of the respective parties. So far as manifested by those pleadings and acts, the oral testimony in those causes was not specially offered in the court below, and is not therefore considered here; but the documents on file in some of those causes, were offered, and so far as *4 they are signed by the respective parties, were admissible against them, and have been considered by us.
The plaintiff’s counsel also excepted to the opinion of the court, admitting in evidence certified absti-acts from the office of the recorder of conveyances— those certificates are in the usual form, and were received to prove the inscription of the acts to which they refer. We are not aware that the proof of the inscription could have been made in any other way.
We cannot assent to the proposition, that it is necessary to make the original mortgagees parties to this proceeding. If the evidence sustains the allegation in the answer that the debts, which those mortgages were intended to secure, have been paid by James Erwin, the original mortgagees have no longer any interest in the matter. James Erwin, on producing the mortgage notes to the recorder of mortgages, could have the mortgage erased from the record, without notice to these parties. The court in ordering the erasure will only exercise his right.
It is the settled jurisprudence of this court, that sales of property made without any intention in the parties to bind themselves, are not contracts, and that between the parties, they effect neither the title nor the possession of the original owner, so far as his creditors are concerned. The distinction between a fraudulent contract and a mere simulation, has always appeared to us elementary. A contract is not the instrument of writing by which it is witnessed. L. C. 1755. It results exclusively from the consent, the aggregatio mentium of the parties to it, and without such consent no contract can exist. Hiriart v. Roger, 13 S. R. 129, and authorities there cited. Merlin verbo Simulation.
We have repeatedly held, that the chapter of the code regulating the revocatory action is not applicable to cases of simulation, and that in those cases creditors may seize notwithstanding the apparent transfer, and, if enjoined, may plead and show the simulation on the trial of the injunction. This is also the jurisprudence of France, under dispositions of law similar to ours, and we cannot better express our views in relation to simulation, than by adopting the language of Zacharite on the subject.
“ The revocatory action,” says that author, “is often mistaken for the action en declaration de simulation. This is an error. The object of the first is to avoid serious but fraudulent, contracts. The object of the second is to cause to be declared simulated, acts, the appearance of which is contrary to truth. This distinction is not one of theory only : it leads to important practical results. For instance, the actio polliana cannot be exercised except after the insolvency of the debtor is judicially ascertained, and is only allowed against the acts which have caused or consummated that insolvency, while those conditions are not required for the exercise of the other action; again, the actio polliana only belongs to the creditor whose claim ascends to a date anterior to that of the act attacked; it is otherwise with the action based on simulation.” 2 Zachariai, 341, note 2, and authorities cited.
The defendants have a clear right to maintain their seizure, if they have shewn the simulation alleged.
For the purpose of making that proof, they have introduced witnesses who testify that James Erwin has been for many years a resident of this city; that at one time he owned large and valuable possessions here, and was considered a man of great wealth; that he subsequently became embarrassed in his circumstances, and suddenly ceased to own any real estate in his own name. The *5 record shows that at the same time, the plaintiff in injunction, who is the brother of James Erwin, became the apparent owner of real estate, notes and judgments to the amount and value of several hundred thousand dollars, all of which were either derived directly from James Erwin, or acquired from others by James Erwin, under a power of attorney from the plaintiff, or purchased by the plaintiff at sheriff’s sale, in the collection of debts transferred to him by James Erwin.
The evidence further shows, that during all this time, and for years before, the plaintiff has been a resident of Nashville, in the State of Tennossee, a man of large family and very moderate means, employed in the capacity of agent, by one of his sisters ; that, although for some years past he has been in the habit of spending the winter in New Orleans, he has never, to the knowledge of the witnesses, interfered or meddled in any manner whatever with any of the property in his name here; that about the time of the first transfers to him, he gave an illimited power of attorney to James Erwin, who has generally acted under that power since, though in instances stated by the witnesses, he continued to act in his own name ; and finally, that the control and possession of all tlie property transferred to the plaintiff, has remained, in James Erwin.
In all cases where the thing sold remains in possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must adduce proof that they are acting in good faith, and establish the reality of the sale. C. C. 2456.
Under the facts of the case, this absolute rule of law made it incumbent upon Andrew Erwin to establish the reality of the contracts under which he pretends to hold. He has made no attempt to do so, and the evidence of the defendant, already referred to, satisfies us, as it did the district judge, that the attempt would have been vain, and that the muniments of title adduced by him, are mere shadows cast upon the title of the real owner, James Erwin.
The injunction must therefore be dissolved, and the defendants allowed to proceed under their execution.
The judgment enjoined bearing the highest rate of conventional interest, no other interest will be allowed on the dissolution of the injunction.
The reconventional demand now remains to be considered. It is strictly the action en declaration de simulation, mentioned by Zachariæ.
The testimony in the record has reference .to all the properties and rights mentioned in the reconventional demand, as well as to the lots seized. It has satisfied us that there is neither reality nor truth in any of the transactions under which the plaintiff claims. We will therefore consider And rezo Erwin as being in fact James Erwin, and finally close the demand in reconvention so far as the state of the record will enable us to do so. It contains no evidence of the transfer to Andreio Erwin of the lands described in the reconvention, as being situated in the parish of Caddo. This portion of the claim must therefore be dismissed, and we do not think the prayer for general relief sufficient to authorize us to set aside other sales of land and slaves, made to the plaintiff by James Erwin.
To set aside the judicial sale of the batture in front of the Pulley square, and to obtain the erasure of the mortgages which affect that square, the defendants l'ely upon the documentary and oral evidence found in the transcript of the record of White v. Irwin, introduced by them in evidence; that evidence *6 not having been expressly offered in the court below, we have not considered it. The documents and testimony found in a record offered in evidence cannot, because they form part of the record, be received as proof in another suit. If in a particular case such evidence is admissible, it is so per se on other grounds independently of the record to which it is attached. Baptiste v. Soulie, 132. R. 270. This portion of the claim in reconvention must also be dismissed.
In allowing the remainder of the reconventional demand, we deem it an act of- mercy to these parties not to go into full details of all the facts disclosed in the record. The ends of justice will be answered by stating the conclusions to which the evidence has led us. We are of opinion, that the titles of Andrew Erwin, first, to the batture portion of the lot of ground called the saw-mill lot; second, to the undivided half of the batture in front of lots Nos. 1, 2, 3, 4, 5, 6, in the faubourg Delord ; and third to lots Nos. 7, 8, 9, 14, 23, 24, 30, of the Pulley square are simulated; and that all those lots were at the time of the transfers to Andrew Erwin the property of James Erwin, and liable to execution for his debts.
We are further of opinion, that the judicial mortgage resulting from the judgment in the case of the Bank of Alabama v. James Erwin, has been paid and extinguished; and that the mortgage granted by the plaintiff to James Erwin, on the batture in front of the saw-mill lot, is a simulation.
It is therefore ordered that the judgment in this case be reversed. It is further ordered that the injunction be dissolved, and that the defendants be allowed to proceed under their execution. It is further ordered, that the plaintiff and A. J. Burnley, his surety on the injunction bond, pay in solido, to the defendants, the sum of nine hundred dollars damages, for the wrongful sueing out of the injunction. It is further ordered that the titles of Andrew Erwin, 1st. To the batture portion of a lot designated as the saw-mill lot, on a plan drawn by Joseph Pilié, city surveyor, bearing date the 9th of November, 1829, and annexed to an act passed before G. JR. Stringer, late notary in this city, on 12th April, 1830. 2d. To the undivided half of the batture lying in front of lots Nos. 1, 2, 3, 4, 5, and 6, situated in fauboux-g Delox-d, agreeably to a plan of Joseph Pilié, bearing date 30th March, 1832, and annexed to an act passed before L. T. Caire, notary public, between D. F. Burthe and John Green, bearing date 26th April, 1832; and 3d. To lots Nos. 7, 8, 9, 14, 23, 24, and 30, on the Pulley square, according to the plan of J. Schrieber, bearing date 30th March, 1837, and deposited at the time in the office of W. Y. Lewis, notax-y public, be and they are hereby adjudged to be simulated; and the said lots to be the property of James Erwin, and liable to execution for his debts. It is further ox-dered, that the judicial mortgage x-esulting from the recording of a judgment of the president and directors of the Bank of Alabama, against James Erwin, rendered by the district court of this city, on the 13th January, 1843, for the sum of seventy-five thousand dollars, which judgment was transferred by the Bank of Alabama to Isaac JHJ. Erwin, and by him to Andrew Erwin, be cancelled and erased from the records; the judgment having been paid and extinguished by James Erwin. It is further ox-dex-ed, that the mortgage granted by Andrew Erwin, by act passed before Wm. Christy, notary public, on the 21st November, 1842, in favour of James Erwin, upon the batture of the saw-mill lot, to secure the sum of $25,000, be adjudged to be simulated, and that as such it be cancelled and erased fx'om the records. It is further ordered, that thex-e be a judgment of non-suit on the remainder of the claim in reconvention; and that the plaintiff pay costs in both courts.